**LIBERTY CLUB, Appellant, v. BOARD OF LIQUOR CONTROL, Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 5441. Decided October 22, 1956.

William H. Brooks, Columbus, for appellant.
C. William O'Neill, Atty. Genl., S. Noel Melvin, Asst. Atty. Genl., Columbus, for appellee.

## OPINION

By THE COURT.

This is a law appeal from a judgment of the Common Pleas Court affirming the order of the Board of Liquor Control revoking the appellant's Class D-4 liquor permit, which was grounded upon the following charges, to wit:

"**No. 1.**

On Sunday, March 20, 1955, at or about 5:30 o'clock A. M. EST, you and/or your agent or employee did sell in and upon the permit premises intoxicating liquor, to-wit, malt beverages in excess of 3.2% of alcohol by

weight and whiskey—in violation of provisions of the Liquor Control Act and regulations of the Board of Liquor Control,"

"**No. 2**

On March 20, 1955, you and/or your agent or employee did sell in and upon the permit premises intoxicating liquor, to-wit, whiskey, to a person who was not then and there a member of your organization—in violation of provisions of the Liquor Control Act and regulations of the Board of Liquor Control,"

"**No. 3.**

On March 20, 1955, you and/or your agent or employee did knowingly allow in and upon the permit premises improper conduct to-wit, loitering of intoxicated persons—in violation of provisions of the Liquor Control Act and regulations of the Board of Liquor Control,"

"**No. 4.**

On March 20, 1955, your permit premises were in an insanitary condition—in violation of provisions of the Liquor Control Act and regulations of the Board of Liquor Control,"

"**No. 5.**

On March 20, 1955, you and/or your agent or employee did sell, offer for sale or possess in and upon the permit premises intoxicating liquor in an original container which had been diluted, refilled or partially refilled—in violation of provisions of the Liquor Control Act and regulations of the Board of Liquor Control."

The errors assigned may be epitomized generally, to wit:

1. The decision of the Board of Liquor Control was contrary to law.

2. The decision is not supported by the proper degree of proof.

With respect to the first specification counsel for the appellant urges that the mere fact that intoxicated persons were permitted on the permit premises for a period of time, approximating some four and one-half hours, is insufficient to establish that there has been a violation of Regulation No. 52, which provides:

"No permit holder shall knowingly or wilfully allow in, upon or about his licensed premises improper conduct of any kind, type or character * * *."

This rule was adopted in accordance with the provisions of §4301.03 R. C., which authorizes the Board to adopt:

"Rules, regulations, and orders providing in detail for the conduct of any retail business authorized under permits issued pursuant to such chapters, with a view to insuring compliance with such chapters and laws relative thereto, and the maintenance of public decency, sobriety, and good order in any place licensed under such permits."

It appears to us that one of the purposes of the regulation is to insure that the business on permit premises shall be conducted according to law. Permitting intoxicated persons on permit premises is in violation of §4399.16 R. C. Therefore, we hold that permitting such conditions to exist on permit premises constitutes a violation of Regulation No. 52.

It is next urged that the Board erred in admitting into evidence

364

certified copies of the criminal court record showing that the persons complained of in Charge No. 3 had pleaded guilty to the charge of intoxication. This evidence was not the best evidence and probably was not admissible under the provisions of §2317.42, R. C. but even if it were not it could not have been prejudicial, in our judgment, as it was merely corroborative since there was considerable other probative evidence establishing the fact that the persons alleged were found on the premises in an intoxicated condition. We find this assignment of error is not well taken.

We have examined the entire record made before the Board and are of the opinion that its order is supported by the proper degree of proof; hence the judgment of the Common Pleas Court will be affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.